UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE MCKINNEY, #260969,

    Plaintiff,                      Hon. Hala Y. Jarbou

v.                                       Case No. 1:23-cv-113

UNKNOWN HENSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 30).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted in part and denied in part.

## BACKGROUND

Plaintiff brings this action against Nurse Practitioner Sarah Henson.  In his complaint (ECF No. 1) Plaintiff alleges the following.

On October 5, 2021, Dr. Michael Tomaszczyk issued Plaintiff a "Medical Detail Special Accommodation" specifically providing that "[Plaintiff] at risk hot ambien[t] temps, [Plaintiff] will need to be cooled and/or with ice packs as needed."  On June 21, 2022, the temperature in Plaintiff's cell reached 110 degrees causing Plaintiff to suffer a "severe heat stroke."

-1-

Plaintiff was sent to Health Care where he "was assigned to" Defendant Henson. Despite observing Plaintiff's distress, Defendant told Plaintiff that she "was not going to adhere to his Medical Special Accommodation and give him ice packs." When Plaintiff voiced his intent to file a grievance against Defendant, she altered Plaintiff's Special Accommodation. Specifically, Defendant eliminated the requirement that Plaintiff receive ice packs as needed and replaced it with an instruction requiring that Health Care be contacted if Plaintiff experienced heat-related difficulties.

Plaintiff alleges that Defendant Henson's failure to treat his heat stroke violated his Eighth Amendment right to not be subjected to cruel and unusual punishment. Plaintiff further alleges that Defendant Henson violated his First Amendment right to be free from unlawful retaliation when she altered his Medical Special Accommodation in response to his threat to file a grievance regarding her failure to treat his heat stroke. Defendant Henson now moves for summary judgment. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d

at 735.  Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### I.   Eighth Amendment

Plaintiff alleges that Defendant Henson refused to treat his heat stroke in violation of his Eighth Amendment rights.  The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976).  Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs."  *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious.  A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).  Thus, the

objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). However, where the plaintiff complains not of a denial of treatment but simply a delay in treatment, he must present evidence establishing that he suffered harm caused by the delay in treatment. *See Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) ("an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment").

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). To satisfy this part of the analysis, Plaintiff must demonstrate that Defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

In support of her motion, Defendant cites to two items: (1) medical records indicating that, on June 22, 2022, Plaintiff was examined by Mary Anderson, R.N. and (2) an affidavit in which Defendant asserts that "[d]uring the timeframe alleged in the Complaint, I did not interact with or evaluate Mr. McKinney." (ECF No. 30-1 at PageID.114; ECF No. 30-2 at PageID.126-27). This evidence is insufficient, however, to permit summary judgment.

Plaintiff has submitted an affidavit in which he asserts the following. On June 21, 2022, Plaintiff suffered heat stroke in response to which prison officials sent him to Health Care for treatment. (ECF No. 33 at PageID.148). Upon arriving at Health Care Plaintiff was examined by Defendant Henson who refused to provide him medical treatment. (*Id.* at PageID.149).

Plaintiff's evidence is sufficient to create a factual dispute on the question whether he was experiencing a serious medical need on the day in question. Contrary to Defendant's suggestion, heat stroke constitutes a serious medical condition. *See, e.g., Dominguez v. Correctional Medical Services*, 555 F.3d 543, 551 (6th Cir. 2009). As for the subjective component of the analysis, the parties have competing affidavits on the question of whether Defendant Henson was aware that Plaintiff required medical treatment and failed to provide such. Defendant argues that Plaintiff was not experiencing heat stroke on June 21, 2022, but provides no evidence establishing such.

-6-

Furthermore, the medical records showing that Plaintiff was examined by Mary Anderson on June 22, 2022, fails to advance Defendant's position. This examination occurred the day *after* Plaintiff was allegedly denied treatment by Defendant Henson and, furthermore, expressly notes that Defendant Henson failed to treat Plaintiff's heat stroke. Accordingly, the undersigned recommends that with respect to Plaintiff's Eighth Amendment claim, Defendant Henson's motion for summary judgment be denied.

## II.  Retaliation

Plaintiff alleges that after voicing his intent to file a grievance against Defendant Henson for her failure to treat his heat stroke, Defendant retaliated by altering Plaintiff's Medical Special Accommodation.

To prevail on his retaliation claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) Defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

This claim fails because Plaintiff cannot establish that Defendant Henson took any adverse action against him by altering his Special Accommodation. Defendant has submitted evidence that Plaintiff's Special Accommodation (1) was modified four days before Plaintiff's alleged encounter with Defendant Henson and, furthermore, (2) was modified by Dr. Tomaszczyk. (ECF No. 30-1 at PageID.112-13). Plaintiff has presented nothing to refute or counter this evidence but instead merely repeats his

unsubstantiated assertion that Defendant Henson is the person who modified his Special Accommodation. Accordingly, the undersigned recommends that Defendant Henson is entitled to summary judgment on Plaintiff's retaliation claim.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 30) be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiff's First Amendment retaliation claim be dismissed, but that Plaintiff's Eighth Amendment deliberate indifference claim proceed forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 14, 2024　　　　　　　　　　/s/ Phillip J. Green
　　　　　　　　　　　　　　　　　　　　PHILLIP J. GREEN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge