UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE MCKINNEY,

       Plaintiff,

                                 Case No. 1:23-cv-113

v.

                                 Hon. Hala Y. Jarbou

UNKNOWN HENSEN,

       Defendant.

_____/

## **ORDER**

Plaintiff Eugene McKinney, a state prisoner, brings this civil action under 42 U.S.C § 1983 against Sarah Henson,[1] a nurse practitioner at Muskegon Correctional Facility.  McKinney alleges that Henson failed to treat him after a severe heat stroke in violation of the Eighth Amendment.  He also alleges that she retaliated against him after he then threatened to file a grievance, in violation of the First Amendment.

On February 14, 2024, Magistrate Judge Phillip Green issued a Report and Recommendation (R&R) (ECF No. 36) recommending that the Court grant in part and deny in part Henson's motion for summary judgment (ECF No. 30).  Before the Court are Henson's objections to the R&R (ECF No. 37).  McKinney did not file any objections, and the time to do so has passed.

Under Rule 72 of the Federal Rules of Civil Procedure,

the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject,

---

[1] The Complaint spells Henson's name "Hensen."  The Court will use the correct spelling throughout this Order except for the case caption, which will remain as originally filed.

or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Proper objections require specificity. "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Vague, conclusory objections are insufficient. *See id.*

McKinney alleges that he has suffered from "heat related illness" since 2000. (McKinney Aff. ¶ 1, ECF No. 33.) On October 5, 2021, he was issued a "special accommodation" by Dr. Michael Tomaszczyk specifying that he "will need to be cooled and/or [sic] with ice packs as needed." (*Id.* ¶¶ 2-3; Compl. ¶ 14, ECF No. 1.) McKinney claims that his correctional officer sent him to healthcare on June 21, 2022, after he began to suffer "a severe heat stroke" from high in-cell temperatures. (*Id.* ¶ 4.)

McKinney alleges that Henson was assigned to his care. (*Id.* ¶ 5.) Despite his visible distress, Henson "stated that she was not going to adhere to [McKinney's] medical special accommodation and give [him] ice packs." (*Id.* ¶ 6.) In response, McKinney alleges that he voiced his intention to file a grievance. (*Id.* ¶ 7.) He claims that Henson then, "in retaliation," accessed his medical records and altered or removed his special accommodation. Now, rather than a special accommodation for ice packs, his medical chart only specified that he should "see health center for heat related issues[.]" (Compl. ¶ 16.)

Henson moves for summary judgment, arguing that McKinney has failed to adduce sufficient evidence establishing the basis of his claims. She avers that she never interacted with McKinney on the date of the allegations and thus was never aware of McKinney's medical need. She also avers that another individual—Dr. Tomaszczyk—removed McKinney's medical accommodation. The R&R recommends dismissal of McKinney' retaliation claim, but not his

Eighth Amendment claim.  The magistrate judge concluded that a material dispute of fact exists—namely, whether Henson was aware of McKinney's serious medical need and subsequently denied him care.

Henson lodges two objections.  First, she argues that the R&R erred in finding that a material dispute of fact exists because McKinney's affidavit is insufficient when compared to her own evidence.   Henson's proffer consists of two pieces of evidence—Michigan Department of Corrections ("MDOC") medical records (ECF No. 30-1) and her own affidavit (ECF No. 30-2).  Henson essentially argues that the medical records "are devoid of any interaction" between her and McKinney and that such an absence proves that no interaction took place.  (Def.'s Objs. 2.)  And without an interaction, Henson argues she could not have been aware of McKinney's condition.  But that conclusion requires this Court to make the inference that every medical interaction is recorded every time.  Or that an MDOC health care employee is only aware of a prisoner's condition if a record is made.  Perhaps these are true, but these are inferences that the Court cannot make on Henson's motion for summary judgment.

The record evidence is this.  McKinney says in his affidavit that Henson saw him in visible distress and denied him medical care.  (McKinney Aff. ¶ 6.)  Henson says in her affidavit that she did not interact with McKinney and would have documented it if she had.  (Henson Aff. ¶¶ 3-4.)  Henson also produced MDOC records which lack any recorded interaction between McKinney and Henson.  But while these records would have been inculpatory evidence had they shown a recorded interaction, the fact that they do not is *not* exculpatory evidence.  In other words, the Court is faced with dueling affidavits centering on a material question of fact.  That question is the jury's to resolve.

Henson's cited case law is unavailing.  For instance, she cites *U.S. ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296 (6th Cir. 1998), for the notion that "a party cannot avoid summary judgment through the introduction of self-serving affidavits *that contradict prior sworn testimony*." *Id.* at 303 (emphasis added).  But there is no indication here that McKinney's affidavit contradicts prior sworn testimony.  Nor is it persuasive to denigrate McKinney's affidavit as "self-serving."  Affidavits are, by their nature, self-serving.  Henson also cites cases such as *Devine v. Jefferson County*, 186 F. Supp. 2d. 742 (W.D. Ky. 2001).   There, the court concluded that a plaintiff's affidavit alone was insufficient to survive summary judgment.  But the court did so after finding that the plaintiff did not have personal knowledge of the affidavit's content *and* that the opposing party had presented sufficient evidence beyond an opposing affidavit.  *Id.* at 743-44.  That is not the case here.  Henson's other citations suffer from similar flaws.

The Court will overrule Henson's first objection.  Drawing all justifiable inferences towards McKinney, a genuine dispute of material fact exists as to whether the two parties interacted on the date of the alleged incident such that Henson was aware of McKinney's medical need.

Henson's second objection is related to a relatively minor factual finding by the magistrate judge.  The R&R notes:

> Furthermore, the medical records showing that Plaintiff was examined by Mary Anderson on June 22, 2022, fails to advance Defendant's position.   This examination occurred the day after Plaintiff was allegedly denied treatment by Defendant Henson and, furthermore, expressly notes that Defendant Henson failed to treat Plaintiff's heat stroke.

(R&R 7.)  As Henson points out, the record the magistrate judge refers to is a kite sent from McKinney to Anderson (a nurse), not a summary of a medical examination.  (*See* June 22, 2022 Kite, ECF No. 30-1, PageID.114.)  Thus, when the kite indicates that "Nurse Henson denied me the ice pack" (*id.*), that is not a statement from *Anderson indicating* that Henson failed to treat

McKinney's heat stroke, but rather a statement from *McKinney alleging* that Henson failed to treat his heat stroke.

The Court will depart from the R&R insofar as it "finds" that McKinney was examined by Anderson and that the medical record indicates that Henson failed to treat McKinney, but that departure does not change the outcome.

With these two objections resolved, the Court concludes that the R&R otherwise correctly analyzes the issues and makes a sound recommendation. The Court will adopt the R&R except for the factual finding raised in Henson's second objection.

Accordingly,

**IT IS ORDERED** that Henson's objections are **OVERRULED IN PART** and **SUSTAINED IN PART**. Defendant's first objection is overruled and her second objection is sustained.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 36) is **APPROVED** and **ADOPTED** as the opinion of the Court, subject to the qualifications of this Order.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 30) is **GRANTED IN PART** and **DENIED IN PART**. It is granted with respect to Plaintiff's retaliation claim. It is denied with respect to Plaintiff's Eighth Amendment claim.

**IT IS FURTHER ORDERED** that Plaintiff's First Amendment retaliation claim is **DISMISSED**.


Dated: April 26, 2024                          /s/ Hala Y. Jarbou
                                               HALA Y. JARBOU
                                               CHIEF UNITED STATES DISTRICT JUDGE